UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **HAROLD JEAN-BAPTISTE**, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 22-cv-1861 (TSC) |
| **UNITED STATES DEPARTMENT OF JUSTICE**, *et al.*, | )<br>)<br>) |
| Defendants. | )<br>) |

**MEMORANDUM OPINION**

*Pro se* Plaintiff Harold Jean-Baptiste brings this action alleging that unidentified individuals attempted to kidnap him. He claims that while he was on a walk between 10:00 am and 10:30 am on June 23, 2022, a van pulled out of a driveway and drove in his direction, but when he pointed a camera phone at the vehicle to record the incident, the unidentified driver drove away. ECF No. 5, Third Am. Compl. at 5. He claims that later, during the same walk, another van with commercial license plates pulled up next to him, but he crossed the street and the van sped away, as the unidentified driver smirked at him. *Id.* at 4–5. Plaintiff claims a neighbor can identify the persons involved as FBI agents. *Id*. at 5. His Complaint includes a photograph of two unidentified persons walking down a street wearing reflective safety vests. *Id*. at 6.

Plaintiff's allegations rest on unsubstantiated hypotheses about what unidentified persons may have planned. He has not alleged any conduct by these unidentified persons that violates a law or right entitling him to relief.

Plaintiff also alleges that the FBI "flagged" him for an investigation pursuant to the "National Security Letters (NSL) classification as a tool [to] conspire to slander, harass, discriminate, and destroy the character of the plaintiff." *Id.* at 8; *see id.* at 10 (cleaned up).  "The FBI may issue an NSL, a form of administrative subpoena, to a wire– or electronic-communications service provider seeking non-content information, as long as the Bureau certifies that the records sought are 'relevant to an authorized investigation to protect against international terrorism or clandestine intelligence activities.'"  *In re Na'l Sec. Letters*, No. CV 16-518 (JEB), 2016 WL 7017215, at *1 (D.D.C. July 25, 2016) (citing 18 U.S.C. § 2709(b)(1)).  It is unclear whether the subject of such letters has a cause of action under federal law, but even if they do, Plaintiff has not cited a provision of a federal statute providing for such relief, and he has provided no facts supporting for his allegation that he was the subject of an NSL.

Moreover, Plaintiff's allegations fail pursuant to Federal Rule of Civil Procedure 8(a), which requires that a complaint contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Specifically, Plaintiff's allegations fail to "give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (citation and alteration omitted).  Plaintiff has not asserted any facts supporting a potential claim relating to an NSL.

Plaintiff claims he then submitted one or more FOIA requests, but he does not provide any facts about the purported requests, such as when he submitted them, and to whom.  Third Am. Compl. at 3.  As such, his FOIA claims also fail to meet the requirements of Rule 8(a).

Finally, Plaintiff cites to at least twenty or more statutes in his Complaint, but does not explain the relevance of these citations.

And Plaintiff's recently filed "Emergency Motion for Injunction," ECF No. 11, does not change the outcome. Plaintiff seeks an "injunction to vacate any investigation or Order for Rendition or Executive Order to do harm on the plaintiff by Department of Justice, Federal Bureau of Investigations, or any other branch of government." *Id*. at 1. A preliminary injunction is an "extraordinary" remedy that "should be granted only when the party seeking the relief, by a clear showing, carries the burden of persuasion." *Cobell v. Norton*, 391 F.3d 251, 258 (D.C. Cir. 2004). To prevail on a motion for preliminary injunction, the movant bears the burden of showing that: (1) "he is likely to succeed on the merits"; (2) "he is likely to suffer irreparable harm in the absence of preliminary relief"; (3) "the balance of equities tips in his favor"; and (4) "an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Because Plaintiff has not adequately stated a valid claim for relief, he also has not established any likelihood of success on the merits, and his motion fails.

Accordingly, this court will deny Plaintiff's emergency motion for an injunction and will dismiss this action without prejudice.

Date: August 1, 2022

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge